UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID MICHAEL WHITE, JR.,<br><br>Plaintiff,<br><br>v.<br><br>INDIANA STATE PRISON, RON NEAL, POWERS, DOLES, HALL, GONZALEZ, JENNIFER, DIANA,<br><br>Defendants. | CAUSE NO. 3:25-CV-200-CCB-SJF |

## OPINION AND ORDER

David Michael White, Jr., a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

White alleges that on August 14, 2024, at approximately 7:45 p.m., he was being escorted inside from outdoor recreation. He says he was handcuffed inside of his rec cage by Correctional Officer Powers, who then opened the cage and ordered him to walk to the front door of D-Cellhouse, where Correctional Officer Doles would continue escorting him to his cell. Correctional Officer Doles was coming out of the entrance of

D-Cellhouse when White saw her suddenly stick her arm out to stop him from proceeding any further without an escort. He alleges he immediately slipped and fell in a puddle of soapy chemicals. When he fell, he hit his head on the concrete, causing him to lose consciousness.

White says he awoke to Correctional Officer Hall, Correctional Officer Gonzalez, and Correctional Officer Powers lifting him in order to sit him on a nearby food cart. He immediately started screaming in agonizing pain from his injuries. After he was placed on the food cart, a Signal 3000 was called. Medical staff arrived with a stretcher, and he was taken to MSU for further treatment and observation.

White sues the four correctional officers—Officer Powers, Officer Doles, Officer Hall, and Officer Gonzalez—for their roles in his fall, but the allegations do not establish an Eighth Amendment violation against them. The Eighth Amendment imposes a duty on prison officials to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). To state a claim for an Eighth Amendment violation, an inmate must allege that a defendant was deliberately indifferent to an excessive risk to his health or safety. *Sinn v. Lemmon*, 911 F.3d 412, 419 (7th Cir. 2018). This encompasses two elements: "(1) the harm to which the prisoner was exposed must be an objectively serious one; and (2) judged subjectively, the prison official must have actual, and not merely constructive, knowledge of the risk." *Id.* (internal quotation marks omitted). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to state a constitutional claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020).

2

In general, a fall caused by exposure to wet floors does not amount to an Eighth Amendment violation. *Pyles v. Fahim*, 771 F.3d 403, 410 (7th Cir. 2014) ("slippery surfaces . . . without more, cannot constitute a hazardous condition of confinement"); *Perkins v. Atrisco*, No. 3:22-CV-1052-DRL-JEM, 2023 WL 2346275, at *2 (N.D. Ind. Mar. 2, 2023) ("[F]ederal courts are consistent in holding that slip-and-fall incidents, whether on ice, water, or slippery floors, do not meet the deliberate indifference standard of Eighth Amendment conditions of confinement claims."). Sometimes there are extenuating circumstances that transform a slip and fall into an Eight Amendment violation. *See Anderson v. Morrison*, 835 F.3d 681, 683 (7th Cir. 2016) (finding Anderson stated claim against guard who refused his request for assistance and forced Anderson to traverse 13 stairs "clogged with several days' of accumulated food and rubbish" while handcuffed behind the back); *Balle v. Kennedy*, 73 F.4th 545 (7th Cir. 2023) (acknowledging claim where inmate was ordered to carry "scalding" water in a bucket over wet, uneven floor). But, here, White identifies no such extenuating circumstances.

Nor can the officers be held liable under the Eighth Amendment for how they responded to his fall. The Eighth Amendment prohibits deliberate indifference to a prisoner's serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Here, White's fall presented a serious medical need, but the allegations do not suggest the officers were deliberately indifferent to that need. "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily

done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted). White must allege more than the officers acted negligently when responding to his fall. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment."). Here, when White fell, the officers picked him up and called for medical assistance. These actions do not support a reasonable inference that they were deliberately indifferent to White's situation.

When White arrived at medical, he alleges that medical staff assessed him and found he had no bruises, cuts, or broken bones. Nurse Jennifer gave him an ice pack for his pain, but no oral pain medication.[1] White started complaining about how badly his back and head hurt and asked if he could be taken to an outside hospital. Nurse Jennifer said no. She observed him in the medical unit for about 45 minutes before concluding nothing was wrong with him and sending him back to his living quarters.

White complains that over the next few weeks, he was not scheduled for any followups until he started submitting healthcare request forms, asking to be seen about his head and back pain. White alleges that he kept getting migraines. He asked to be seen by a specialist for his severe back pain and headaches, but Nurse Diane Thews, the head of the medical staff, denied his request. She said nothing was wrong with him and

---

[1] This allegation conflicts with the account White gave in the grievance he filed about the incident. There, he said that Nurse Jennifer gave him Tylenol. ECF 1-1 at 3. The discrepancy, however, does not affect the analysis.

he was not going to get seen by a specialist. He sues Nurse Jennifer and Nurse Thews for the medical care he received.

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs under the Eighth Amendment, she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). As the Seventh Circuit has explained:

> [M]edical professionals are not required to provide proper medical treatment to prisoners, but rather they must provide medical treatment that reflects professional judgment, practice, or standards. There is not one proper way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field. A medical professional's treatment decisions will be accorded deference unless no minimally competent professional would have so responded under those circumstances.

*Id.* at 697-698 (cleaned up). Courts "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019) (quotation marks and citation omitted).

As for Nurse Jennifer, there are no plausible allegations that she was deliberately indifferent when she treated White after his fall. She provided him ice and, after observing him for 45 minutes, determined no further treatment was necessary. White insists that he should have been taken to an outside hospital. But "mere disagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation." *Lockett v. Bonson*, 937 F.3d 1016, 1024 (7th Cir. 2019) (cleaned

5

up). Prisoners are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), or to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). White presents no facts about the symptoms Nurse Jennifer would have observed that made going to an outside hospital the only possible treatment option.

Similarly, White's only complaint about Nurse Thews' treatment is that she did not send him to a specialist. For the court to infer that sending him to the hospital is the only constitutionally permissible treatment option, White must provide more details about his symptoms and what steps Nurse Thews took to address them. *See Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("A prisoner's dissatisfaction with a doctor's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition." (quotation marks and citation omitted)). Simply stating that Nurse Thews refused to send him to a specialist does not allow a reasonable inference that the treatment she did provide was blatantly inappropriate.

Finally, White also sues Warden Ron Neal, but does not mention him in the body of the complaint. A claim cannot proceed against him if White does not explain how he was personally involved in an alleged violation; the Warden cannot be held liable based solely on the actions of the people he oversees. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Finally, White sues Indiana State Prison, but that is not a suable entity; it is merely a subdivision of the

Indiana Department of Correction. *See White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018) ("As for the defendant prison, the Correctional Industrial Facility, a building is not a person capable of being sued under § 1983.").

This complaint does not state a claim for which relief can be granted. If White believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) **GRANTS** David Michael White, Jr., until **July 16, 2025**, to file an amended complaint; and

(2) **CAUTIONS** David Michael White, Jr., if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on June 13, 2025.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT