UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID MICHAEL WHITE, JR., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-200-CCB-SJF |
| POWERS, DOLES, and GONZALEZ, | |
| Defendants. | |

## **OPINION AND ORDER**

David Michael White, Jr., a prisoner without a lawyer, filed a complaint that the court determined did not state a claim. ECF 1, ECF 12. In that complaint, he asserted an Eighth Amendment violation after he was injured when he slipped and fell on a puddle of soapy chemicals on the sidewalk while returning from outdoor recreation. To state a claim for an Eighth Amendment violation, an inmate must allege that a defendant was deliberately indifferent to an excessive risk to his health or safety. *Sinn v. Lemmon*, 911 F.3d 412, 419 (7th Cir. 2018). The court noted that under Seventh Circuit law, a fall caused by exposure to a wet floor does not amount to an Eighth Amendment violation in the absence of extenuating circumstances. ECF 12 at 3 (citing *Pyles v. Fahim*, 771 F.3d 403, 410 (7th Cir. 2014)). And, here, White's being handcuffed behind his back did not constitute an extenuating circumstance that transformed this case into a constitutional violation. *Id.*

In the amended complaint, White asserts that the extenuating circumstances was that he was handcuffed behind his back and was refused assistance when he asked for

it. These circumstances fall short of those the Seventh Circuit has identified as sufficient to state an Eighth Amendment claim. In one case, the Seventh Circuit found extenuating circumstances when a guard refused the plaintiff's request for assistance and forced him to traverse 13 stairs "clogged with several days' of accumulated food and rubbish" while handcuffed behind the back. *Anderson v. Morrison*, 835 F.3d 681, 683 (7th Cir. 2016). In another, the Seventh Circuit found extenuating circumstances when a prisoner was ordered to carry "scalding" water in a bucket over wet, uneven floor. *Balle v. Kennedy*, 73 F.4th 545 (7th Cir. 2023). Here, the circumstances White identifies do not turn what is otherwise negligence into a claim of deliberate indifference.

Next, although White did not list them as defendants in the amended complaint, he seeks to proceed against Nurse Jennifer and Nurse Diane Thews for constitutionally inadequate medical care under the Eighth Amendment for his injuries from the fall. ECF 13 at 3. For completeness, the court will address this claim as well. The Eighth Amendment prohibits deliberate indifference to a prisoner's serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).White alleges these nurses are liable "for denying and refusing to treat [him] with the proper and adequate medical care." *Id.* In the prior screening order, the court noted that White's main complaint was the medical staff's decision not to send him to an outside medical provider for an evaluation; he had alleged nothing more than a disagreement with the medical staff about the proper course of treatment, which is not enough to show deliberate indifference under the Eighth Amendment. ECF 13 at 5-6 (citing *Lockett v. Bonson*, 937 F.3d 1016, 1024 (7th Cir. 2019)). He was invited to provide more information about his symptoms that would

2

allow a reasonable inference that the medical providers' treatment decisions were blatantly inappropriate. *Id*. His amended complaint does not add any additional details about his medical condition. There is no basis to infer that he received constitutionally inadequate medical care.

The amended complaint does not state a claim. White has been given one opportunity to file an amended complaint to fix the deficiencies pointed out in the previous screening order. There is no basis to believe that another attempt would have a different result. Therefore, the court will dismiss this case. *See Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023) ("District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile.").

For these reasons, this case is **DISMISSED** under 28 U.S.C. § 1915A for failure to state a claim.

SO ORDERED on September 9, 2025.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT